WAYNE GREENWALD, P.C.
*Attorneys for Plaintiff , Henry Ikezi*
at 475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
Wayne M. Greenwald

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**HENRY IKEZI,**

$\qquad$ **Plaintiff,** $\qquad\qquad$ **Civ No.**

**-against-**

**CIPRIANI CLUB 55 LLC,**
**CIPRIANI RESTAURANTS 55 LLC,**
**GIUSEPPE CIPRIANI,  ANDREW P. HEATON,**
**JOHN AIELLO, PETER McGOEY, the**
**BOARD OF MANAGERS OF CIPRIANI**
**RESIDENCES AT 55 WALL CONDOMINIUM ,**
**AND "JOHN DOE CORP." D/B/A FIRST SERVICE**
**RESIDENTIAL,**

$\qquad$ **Defendants.**
_____

**COMPLAINT**

Henry Ikezi, by his attorneys as and for his complaint states:

**Jurisdiction and Venue**

1.      The Plaintiff, Henry Ikezi, resides at 55 Wall Street, New York, New York.

2.      Upon information and belief, the Defendant, Giuseppi Cipriani, resides in the State of New York and County of New York.

3.      Upon information and belief, the Defendant, Giuseppi Cipriani, resides in the Southern District of New York.

4.      Upon information and belief, the Defendant, Giuseppe Cipriani, transacts business at 55 Wall Street, New York, NY, the transaction of which business gave rise to the claims stated herein.

-1-

5.      The Defendant, Cipriani Club 55 LLC, ("Cipriani Club"), maintains offices at 55 Wall Street, New York, NY 10008.

6.      The Defendant, Cipriani Club, transacts business at 55 Wall Street, New York, NY 10008.

7.      The Defendant, Cipriani Restaurants 55 LLC, ("Cipriani Restaurants"), maintains offices at 55 Wall Street, New York, NY 10008.

8.      The Defendant, Cipriani Restaurants, transacts business at 55 Wall Street, New York, NY 10008.

9.      Upon information and belief, the Defendant, Giuseppe Cipriani, determines the operations and policies of the Defendant, Cipriani Restaurants.

10.     Upon information and belief, the Defendant, Giuseppe Cipriani, determines the operations and policies of the Defendant, Cipriani Clubs.

11.     Upon information and belief, the Defendant, Giuseppe Cipriani, resides in the State of New York.

12.     Upon information and belief, the Defendant, Giuseppe Cipriani, is the proprietor of Cipriani Restaurants.

13.     Upon information and belief, the Defendant, Andrew P. Heaton, resides in the State of New York.

14.     Upon information and belief, the Defendant, Andrew P. Heaton, is the director of facilities and operations for Cipriani Restaurants.

15.     Upon information and belief, the Defendant, Andrew P. Heaton, is the director of facilities and operations for Cipriani Club.

16.     Upon information and belief, the Defendant, John Doe Corp." d/b/a First Service Residential ("First Service") maintains offices at 622 3rd Ave., 15th Fl, New York, NY 10017.

17. Upon information and belief, the Defendant, First Service is the property manager of the Cipriani Residences at 55 Wall Condominium (the "Condominium").

18. Upon information and belief, the Defendant, John Aiello**,** resides in the State of New York.

19. Upon information and belief, the Defendant, John Aiello, is an employee and agent of First Service as the property manager of the Condominium.

20. Upon information and belief, the Defendant, Peter McGoey, resides in the State of New York.

21. Upon information and belief, the Defendant, Peter McGoey, is the Condominium's resident manager.

22. Upon information and belief, the Defendant, Board of Managers of Cipriani Residences at 55 Wall Condominium (the "Board") resides in the State of New York.

23. Upon information and belief, the Defendant, Board, transacts business in the State of New York.

24. Upon information and belief, the transactions described in this Complaint occurred within the Southern District of New York.

25. This Court has subject matter jurisdiction over this action based on 28 U.S.C. § 1331 as this action civil actions arises under rights conferred by laws of the United States.

26. This Court has subject matter jurisdiction over the Complaint's claims for relief not arising under federal law, pursuant to 28 U.S.C. § 1367(a) based on this Court's supplementary jurisdiction over those claims which are  claims that are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

27. This district is the appropriate district for this action, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims stated herein occurred within the Southern District of New York.

28.   This district is the appropriate district for this action, pursuant to 28 U.S.C. § 1391(b), upon information and belief, all of the Defendants reside within the State of New York.

## ALLEGATIONS RELATED TO ALL CLAIMS

29.   The Plaintiff restates the allegations contained in paragraphs numbered "1" through "28" of this Complaint with the same force and effect as if stated fully hereat.

30.   The Plaintiff is an African American.

31.   On or about October 2014, the Defendants, Cipriani Club and Cipriani Restaurants accepted the Plaintiff's  application for the "Residency & Club Membership."

32.   On or about October 2014, the Defendants, Cipriani Club and Cipriani Restaurants accepted the Plaintiff as a member of the Cipriani Club.

33.   On or about October 2014, the Defendants, Cipriani Club and Cipriani Restaurants and the Plaintiff entered in an agreement under which the Plaintiff became a member of the Cipriani Club (the "Agreement")

34.   The Agreement provided the Plaintiff with benefits as a member of the Cipriani Club.

35.   As a member of the Cipriani Club, the Plaintiff was granted the right to use, among other things, the Club's  business lounge.

36.   Cipriani Club represents that Cipriani Club members using the Cipriani Club's business lounge will be provided with "a discreet private office in the back, where our concierge awaits to assist you with any personal or professional needs to assure your success."

37.   As a member of the Cipriani Club, the Plaintiff was granted the right to, among other things, use the facilities of Cipriani Restaurants located at 55 Wall Street, New York, New York.

38.   As a member of the Cipriani Club, the Plaintiff was granted the right to, among other things, use the facilities of the Cipriani Club's "members only" dining room located on the second floor of  55 Wall Street, New York, New York.

-4-

39.  Cipriani Club offers its members the right to use Cipriani Restaurant's facilities for the purpose of, among other things, conducting business.

40.  The Plaintiff became a member of the Cipriani Club Agreement for the specific purpose of using the Cipriani Club and Cipriani Restaurants as a location for conducting the Plaintiff's business.

41.  On or about April 2015, Cipriani Club advised the Plaintiff that Cipriani Club was terminating the Plaintiffs's rights as a member of the Cipriani Club.

42.  On or about April 2015, when Cipriani Club advised the Plaintiff that Cipriani Club was terminating the Plaintiffs's rights under the Club Agreement, Cipriani Club advised the Plaintiff that Cipriani Club's reason for terminating the Plaintiff's rights as a member of the Cipriani Club was that he is an African American.

43.  Upon information and belief, Cipriani Club terminating the Plaintiff's rights as a member of the Cipriani Club because he is an African American.

44.  On or about May 2, 2015, the Plaintiff was using the facilities of the Cipriani Club and Cipriani Restaurant, as a member of the Cipriani Club.

45.  On or about May 2, 2015, the Plaintiff and guests of the Plaintiff were using the facilities of the Cipriani Club and Cipriani Restaurant, as the Plaintiff was permitted as a member of the Cipriani Club.

46.  When the Plaintiff used the facilities of the Cipriani Club and Cipriani Restaurant, as a member of the Cipriani Club, the Plaintiff's conduct complied with the Cipriani Club's rules.

47.  On May 2, 2015, when the Plaintiff and his guests used the facilities of the Cipriani Club and Cipriani Restaurant, their conduct complied with the Cipriani Club's rules.

48.  Prior to May 2, 2015, the Plaintiff obtained permission from the Cipriani Club to use the Cipriani Club's "screening room" on May 2, 2015.

49.    On or about May 2, 2015, while the Plaintiff was using the  facilities of the Cipriani Club and Cipriani Restaurant, as a member of the Cipriani Club, the Defendants, Cipriani Club and Cipriani Restaurant, enlisted the New York City Police Department to remove the Plaintiff from the facilities of the Cipriani Club and Cipriani Restaurant.

50.    On or about May 2, 2015, while the Plaintiff was using the "screening room" of  facilities of the Cipriani Club and Cipriani Restaurant, as a member of the Cipriani Club, the Defendants, Cipriani Club and Cipriani Restaurant, enlisted the New York City Police Department to remove the Plaintiff from the facilities of the Cipriani Club and Cipriani Restaurant.

51.    On May 2, 2015, the Plaintiff's guests who were with him using the facilities of the Cipriani Club and Cipriani Restaurant were African American.

52.    Upon information and belief, the Defendants', Cipriani Club and Cipriani Restaurant, reason for enlisting the New York City Police Department to remove the Plaintiff from the facilities of the Cipriani Club and Cipriani Restaurant on May 2, 2015, was that the Plaintiff is an African American.

53.    On May 2, 2015, at the Defendants', Cipriani Club and Cipriani Restaurant's request, Representatives of New York City Police Department confronted the Plaintiff at the facilities of the Cipriani Club and Cipriani Restaurants to remove the Plaintiff from the facilities of the  Cipriani Club and Cipriani Restaurant.

54.    During that confrontation on May 2, 2015, the Plaintiff explained to the representatives of New York City Police Department that he was using the facilities of the Cipriani Club and Cipriani Restaurants because he is a member of the Cipriani Club.

55.    On May 2, 2015, based on the Plaintiff being a member of the Cipriani Club, the representatives of New York City Police Department declined to remove the Plaintiff from the facilities of the Cipriani Club and Cipriani Restaurant.

56.   On or about April 2014, the Defendants, Cipriani Club and Cipriani Restaurant, suspended the Plaintiff's privileges as a member of the Cipriani Club.

57.   On, about and between May 2015 and the present, the Defendant, Peter McGoey, as an agent of Cipriani Club  and Cipriani Restaurants called the building security and police on numerous occasions with respect to the Plaintiff.

58.    On, about and between May 2015 and the present, the Defendant, Peter McGoey, as an agent of Cipriani Club and Cipriani Restaurants restricted the Plaintiff's access to the facilities of the Cipriani Club and Cipriani Restaurants on numerous occasions.

59.   On, about and between May 2015 and the present, the Defendant, First Service through its agent and employee, John Aiello, as an agent of Cipriani Club  and Cipriani Restaurants called the building security and police on numerous occasions with respect to the Plaintiff.

60.   On, about and between May 2015 and the present, the Defendant,  First Service through its agent and employee,  John Aiello, as an agent of Cipriani Club and Cipriani Restaurants restricted the Plaintiff's access to the facilities of the Cipriani Club and Cipriani Restaurants on numerous occasions.

61.   Upon information and belief,  First Service's conduct with respect to the Plaintiff was because the Plaintiff is African American.

62.   Upon information and belief, Mr. Aiello's conduct with respect to the Plaintiff was because the Plaintiff is African American

63.   On or about April 2015, in a telephone conversation with the Plaintiff, the Defendant, John Aiello, told the Plaintiff that the Plaintiff was not a resident at the Condominium and that the Plaintiff is not a person in his eyes.

64.   Upon information and belief, Mr. Aiello's statements to the Plaintiff were made because the Plaintiff is African American.

65. As a member of Cipriani Club, the Plaintiff and his guests are entitled to a 20% discount off the regular price of meals provided by Cipriani Restaurants and free breakfast on weekends ("Food Privileges").

66. Cipriani Club and Cipriani Restaurant suspended the Plaintiff's Food Privileges.

67. Upon information and belief, the reason for the Cipriani Club and Cipriani Restaurants suspending the Plaintiff's privileges as a member of the Cipriani Club was that he is an African American.

68. Upon information and belief, the reason for the Defendants restricting the Plaintiff's access to the Cipriani Club and Cipriani Restaurants  was that the Plaintiff is an African American.

69. When the Plaintiff attempted to exercise his privileges as a Cipriani Club member, the Defendants conducted themselves in a manner which caused the Plaintiff to feel that he was less welcome at the Cipriani Club's and Cipriani Restaurant's facilities because he is an African American.

70. Upon information and belief, Andrew P. Heaton, implemented the Defendants' discriminatory practices and policies against the Plaintiff.

71. Upon information and belief, First Service, implemented the Defendants' discriminatory practices and policies against the Plaintiff.

**FIRST CLAIM FOR RELIEF**
**Against  Cipriani Club and Cipriani Restaurants**
<u>**Breach of Contract**</u>

72. The Plaintiff restates the allegations contained in paragraphs numbered "1" through "71" of this Complaint with the same force and effect as if stated fully hereat.

73. The Defendant, Cipriani Club breached its Agreement with the Plaintiff.

74. The Defendant, Cipriani Restaurants breached its Agreement with the Plaintiff.

75. By reason of the foregoing, the Plaintiff has been injured.

76. By reason of the foregoing, the Plaintiff has suffered damages.

77.     By reason of the foregoing, the Plaintiff has suffered damages in a sum to be determined at trial but not less than $1,000,000.

## SECOND CLAIM FOR RELIEF
### Against  Cipriani Club and Cipriani Restaurants
### Violation of 42 U.S.C. § 2000(a)

78.     The Plaintiff restates the allegations contained in paragraphs numbered "1" through "77" of this Complaint with the same force and effect as if stated fully hereat.

79.     The Defendant, Cipriani Club, denied the Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of its places of public accommodation without discrimination or segregation on the ground of race, color, religion, or national origin.

80.     The Defendant, Cipriani Restaurants, denied the Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of its places of public accommodation without discrimination or segregation on the ground of race, color, religion, or national origin.

81.     Upon information and belief, the Defendant, Cipriani Club, affects interstate commerce.

82.     Upon information and belief, the Defendant, Cipriani Restaurants, affects interstate commerce.

83.     By reason of the foregoing, the Plaintiff has been injured.

84.     By reason of the foregoing, the Plaintiff has suffered damages.

85.     By reason of the foregoing, the Plaintiff continues to suffer irreparable injury.

86.     The Defendants' conduct is continuing.

87.     The Defendants' conduct threatens to continue.

88.     The Plaintiff's injuries are continuing.

89.     The Plaintiff's injuries threaten to continue.

90.     By reason of the foregoing, the Plaintiff is entitled to a permanent injunction prohibiting the Defendants from denying the Plaintiff full and equal enjoyment of their goods,

services, facilities, privileges, advantages, and accommodations of its places of public

accommodation without discrimination or segregation on the ground of race, color,

religion, or national origin.

91.    By reason of the foregoing, the Plaintiff is entitled to a permanent injunction prohibiting

the Defendants from denying the Plaintiff full and equal enjoyment of his membership in

Cipriani Club.

92.    By reason of the foregoing, the Plaintiff is entitled to a money judgment against the

Defendants for the Plaintiff's attorneys' fees and related disbursements incurred by the

Plaintiff in bringing this action.


### THIRD CLAIM FOR RELIEF
### Against  Cipriani Club and Cipriani Restaurants
### Violation of 42 U.S.C. § 1981

93.    The Plaintiff restates the allegations contained in paragraphs numbered "1" through "92"

of this Complaint with the same force and effect as if stated fully hereat.

94.    The Defendant, Cipriani Club, denied the Plaintiff the enjoyment of all benefits,

privileges, terms, and conditions of the contractual relationship under the Agreement,

based on the Plaintiff being an African American.

95.    The Defendant, Cipriani Club, denied the Plaintiff the right make and enforce contracts,

and full and equal benefit of all laws as is enjoyed by Caucasian citizens.

96.    The Defendant, Cipriani Restaurants, denied the Plaintiff the enjoyment of all benefits,

privileges, terms, and conditions of the contractual relationship under the Agreement,

based on the Plaintiff being an African American.

97.    The Defendant, Cipriani Club, denied the Plaintiff the right make and enforce contracts,

and full and equal benefit of all laws as is enjoyed by white citizens.

98.    By reason of the foregoing, the Plaintiff has been injured.

99.    By reason of the foregoing, the Plaintiff has suffered damages.

100.    By reason of the foregoing, the Plaintiff has suffered damages in a sum to be determined at trial but not less than $1,000,000.

101.    By reason of the foregoing, the Plaintiff is entitled to an award of punitive damages against the Defendants in a sum to be determined at trial but not less than $3,000,000.

102.    By reason of the foregoing, the Plaintiff is entitled to a permanent injunction prohibiting the Defendants from denying the Plaintiff full and equal enjoyment of his membership in Cipriani Club.

103.    By reason of the foregoing, the Plaintiff is entitled to a money judgment against the Defendants for the Plaintiff's attorneys' fees and related disbursements incurred by the Plaintiff in bringing this action.


**FOURTH CLAIM FOR RELIEF**
**Against  Cipriani Club, Cipriani Restaurants and Giuseppe Cipriani**
**Violation of New York State Executive Law § 296**

104.    The Plaintiff restates the allegations contained in paragraphs numbered "1" through "103" of this Complaint with the same force and effect as if stated fully hereat.

105.    The Defendant, Cipriani Club, directly or indirectly, refused, withheld  from or denied  to the Plaintiff accommodations, advantages, facilities or privileges of the Cipriani Club and Cipriani Restaurants because the Plaintiff is African American.

106.    The Defendant, Cipriani Restaurants, directly or indirectly, refused, withheld  from or denied  to the Plaintiff accommodations, advantages, facilities or privileges of the Cipriani Club and Cipriani Restaurants because the Plaintiff is African American.

107.    The Defendant, Giuseppe Cipriani, as proprietor of Cipriani Restaurants, directly or indirectly, refused, withheld  from or denied  to the Plaintiff accommodations, advantages, facilities or privileges of the Cipriani Club and Cipriani Restaurants because the Plaintiff is African American.

108.    The Defendants, Giuseppe Cipriani, as proprietor of Cipriani Restaurants, Cipriani Club and Cipriani Restaurants have and continue to subject the Plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is African American.

109.    The Defendants' conduct articulates to African Americans, such as the Plaintiff, that they are not welcome, objectionable and not desired as patrons the Defendants' place of public accommodation.

110.    The Defendants' conduct discriminates against the Plaintiff in violation of New York State Executive Law § 296(2)(a).

111.    By reason of the foregoing, the Plaintiff has been injured.

112.    By reason of the foregoing, the Plaintiff has suffered damages.

113.    By reason of the foregoing, the Plaintiff has suffered damages in a sum to be determined at trial but not less than $1,000,000.

114.    By reason of the foregoing, the Plaintiff is entitled to a permanent injunction prohibiting the Defendants from denying the Plaintiff full and equal enjoyment of his membership in Cipriani Club.

115.    By reason of the foregoing, the Plaintiff is entitled to a money judgment against the Defendants for the Plaintiff's attorneys' fees and related disbursements incurred by the Plaintiff in bringing this action.


## FIFTH CLAIM FOR RELIEF
### Against All Defendants
### Violation of New York City Administrative Code § 8-107(4)

116.    The Plaintiff restates the allegations contained in paragraphs numbered "1" through "115" of this Complaint with the same force and effect as if stated fully hereat.

117. The Defendant, Cipriani Club, withheld and denied to the Plaintiff accommodations, advantages, facilities or privileges of the Cipriani Club and Cipriani Restaurant account of race, creed, color, national origin, on account of the Plaintiff being African American.

118. The Defendant, Cipriani Restaurant, withheld and denied to the Plaintiff accommodations, advantages, facilities or privileges of the Cipriani Club and Cipriani Restaurant account of race, creed, color, national origin, on account of the Plaintiff being African American.

119. The Defendant, Giuseppe Cipriani, as proprietor of Cipriani Restaurants withheld and denied to the Plaintiff accommodations, advantages, facilities or privileges of the Cipriani Club and Cipriani Restaurant account of the Plaintiff being African American.

120. The Defendant, Andrew P. Heaton, as manager, agent and/or employee of Cipriani Restaurants withheld and denied to the Plaintiff accommodations, advantages, facilities or privileges of the Cipriani Club and Cipriani Restaurant on account of the Plaintiff being African American.

121. The Defendant, Andrew P. Heaton, as manager, agent and/or employee of Cipriani Club withheld and denied to the Plaintiff accommodations, advantages, facilities or privileges of the Cipriani Club and Cipriani Restaurant on account of the Plaintiff being African American.

122. The Defendant, Peter McGoey's conduct with respect to the Plaintiff was due to the Plaintiff being African American.

123. The Defendant, John Aiello's conduct with respect to the Plaintiff was due to the Plaintiff being African American.

124. The Defendant, First Services's conduct with respect to the Plaintiff was due to the Plaintiff being African American.

125. Upon information and belief, the Board facilitated the other Defendants discriminatory conduct against the Plaintiff.

126.    Upon information and belief, the Board facilitated the other Defendants' discriminatory conduct and practices against the Plaintiff by, among other things, doing nothing to curtail that conduct by the Condominium's agents and employees when the Plaintiff apprised the Board of the Defendants' discriminatory conduct and practices against the Plaintiff.

127.    Upon information and belief, the Board facilitated the other Defendants' discriminatory conduct and practices against the Plaintiff by, among other things, providing Cipriani Clubs and Cipriani Restaurant with information concerning the Plaintiff.

128.    By reason of the foregoing, the Plaintiff has been injured.

129.    By reason of the foregoing, the Plaintiff has suffered damages.

130.    By reason of the foregoing, the Plaintiff has suffered damages in a sum to be determined at trial but not less than $1,000,000.

131.    By reason of the foregoing, the Plaintiff is entitled to an award of punitive damages against the Defendants in a sum to be determined at trial but not less than $3,000,000.

132.    By reason of the foregoing, the Plaintiff is entitled to a permanent injunction prohibiting the Defendants from denying the Plaintiff full and equal enjoyment of his membership in Cipriani Club.

133.    By reason of the foregoing, the Plaintiff is entitled to a money judgment against the Defendants for the Plaintiff's attorneys' fees and related disbursements incurred by the Plaintiff in bringing this action.


**SIXTH CLAIM FOR RELIEF**
**Against All Defendants**
**Violation of New York State Civil Rights Law**

134.    The Plaintiff restates the allegations contained in paragraphs numbered "1" through "133" of this Complaint with the same force and effect as if stated fully hereat.


-14-

135.    By reason of the foregoing, each of the Defendants violated New York State Civil Rights Law § 40.

136.    By reason of the foregoing, each of the Defendants violated New York State Civil Rights Law § 40-C.

137.    By reason of the foregoing, the Plaintiff is entitled to recover from each of the Defendants the penalty prescribed by New York State Civil Rights Law §§ 40-C and 40-C, in the amount of $500.00 per defendant for each and every and violation of that statute with respect to the Plaintiff.

138.    Notice of the Defendants' violations and this action has been served upon the Attorney General as required by New York State Civil Rights Law § 40-D.

## SEVENTH CLAIM FOR RELIEF

### Against All Defendants

139.    The Plaintiff restates the allegations contained in paragraphs numbered "1" through "138" of this Complaint with the same force and effect as if stated fully hereat.

140.    Upon information and belief, each of the Defendants intended to perform each of the acts described in this Complaint that are attributed to the respective Defendants.

141.    Upon information and belief, each of the Defendants knew that the acts described in this Complaint that are attributed to the respective Defendants violated the Plaintiff's civil rights.

142.    Upon information and belief, each of the Defendants intended that the acts described in this Complaint that are attributed to the respective Defendants would the Plaintiff's civil rights.

143.    Upon information and belief, each of the Defendants intended to perform the acts described in this Complaint that are attributed to the respective Defendants knowing that they were discriminating against the Plaintiff.

144. Upon information and belief, each of the Defendants intended to perform the acts described in this Complaint that are attributed to the respective Defendants knowing that they were discriminating against the Plaintiff because he is an African American.

145. By reason of the foregoing, the Plaintiff has been injured.

146. By reason of the foregoing, the Plaintiff has suffered damages.

147. By reason of the foregoing, the Plaintiff has suffered damages in a sum to be determined at trial but not less than $1,000,000.

148. By reason of the foregoing, the Plaintiff is entitled to an award of punitive damages against each of the Defendants in a sum to be determined at trial but not less than $3,000,000.

**WHEREFORE**, the Plaintiff asks for judgment against the Defendants as follows.

**FIRST CLAIM FOR RELIEF**: a money judgments in the Plaintiff's favor and against the Defendants, Cipriani Club and Cipriani Restaurants, in a sum to be determined at trial, but not less than $1,000,000, with interest thereon.

**SECOND CLAIM FOR RELIEF:**  I.) a permanent injunction prohibiting the Defendants, Cipriani Club and Cipriani Restaurants, from: a.) denying the Plaintiff full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations of its places of public accommodation without discrimination or segregation on the ground of race, color, religion, or national origin; b.) denying the Plaintiff full and equal enjoyment of his membership in Cipriani Club, II.) a money judgment against the Defendants, Cipriani Club and Cipriani Restaurants, for the Plaintiff's attorneys' fees and related disbursements incurred by the Plaintiff in bringing this action.

**THIRD CLAIM FOR RELIEF:** a.) A money judgment in the Plaintiff's favor and against the Defendants in a sum to be determined at trial but not less than $1,000,000, with interest thereon; b;) an award of punitive damages against the Defendants in a sum to be determined at trial but not less than $3,000,000; c.)  a permanent injunction prohibiting the Defendants from denying the Plaintiff full and equal enjoyment of his membership in Cipriani Club; and d.) a money judgment against the Defendants for the Plaintiff's attorneys' fees and related disbursements incurred by the Plaintiff in bringing this action with interest thereon.

**FOURTH CLAIM FOR RELIEF:** a.) A money judgment in the Plaintiff's favor and against the  Defendants in a sum to be determined at trial but not less than the principal sum of $1,000,000 with interest thereon; b.) a permanent injunction prohibiting the Defendants from denying the Plaintiff full and equal enjoyment of his membership in Cipriani Club; c.) a money judgment against the Defendants for the Plaintiff's attorneys' fees and related disbursements incurred by the Plaintiff in bringing this action with interest thereon.

**FIFTH CLAIM FOR RELIEF:** a.) A money judgment in the Plaintiff's favor and against the Defendants in a sum to be determined at trial but not less than $1,000,000 with interest thereon; b.) an award of punitive damages against the Defendants in a sum to be determined at trial but not less than $3,000,000; c.) a permanent injunction prohibiting the Defendants from denying the Plaintiff full and equal enjoyment of his membership in Cipriani Club.; d.) a money judgment against the Defendants for the Plaintiff's attorneys' fees and related disbursements incurred by the Plaintiff in bringing this action with interest thereon.

**SIXTH CLAIM FOR RELIEF** A money judgment in the Plaintiff's favor and against the

Defendants the penalty prescribed by New York State Civil Rights Law §§ 40-C and 40-

C, in the amount of $500.00 per defendant for each and every and violation of that statute

with respect to the Plaintiff with interest thereon.

**SEVENTH CLAIM FOR RELIEF:** a.) A money judgment in the Plaintiff's favor and against

the Defendants in a sum to be determined at trial but not less than $1,000,000 with

interest thereon; b.) an award of punitive damages against each of the Defendants in a

sum to be determined at trial but not less than $3,000,000.

The Plaintiff's costs and disbursements incurred in this case; and

Such other and further relief as the Court deems proper.

Dated: New York, New York
       July 28, 2015

WAYNE GREENWALD, P.C.
*Attorneys for Plaintiff , Henry Ikezi*
at 475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922

By: /s/ Wayne M. Greenwald nPiies.
       Wayne M. Greenwald

-18-

VERIFICATION

Henry Ikezi  declares:

1.      I am te Plaintiff in this action and have personal knowledge of the facts

        stated herein.

2.      I read the foregoing Complaint, know the contents thereof, and the factual

        statements therein are true and correct to the best of my knowledge,

        information and belief.

3.      I declare the preceding statement of fact to be true and correct to the best of

        my knowledge information and belief, under penalties of perjury, pursuant

        to 28 U.S.C. § 1746.

Dated: New York, NY
        July 28, 2015

                                        Henry Ikezi