UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
HENRY IKEZI, :
:
                        Plaintiff, :         15-CV-6145 (JMF)
:
       -v- :         <u>ORDER OF DISMISSAL</u>
:
CIPRIANI CLUB 55 LLC, et al., :
:
                        Defendants. :
:
-------------------------------------------------------------------X

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:_____*
*DATE FILED: 03/15/2016*

JESSE M. FURMAN, United States District Judge:

      On February 26, 2016, Defendants informed the Court by letter motion that Plaintiff and Plaintiff's counsel had failed to produce required discovery and repeatedly failed to respond to communications from Defendants. (Docket No. 36). By Order entered February 29, 2016, the Court scheduled a discovery conference to take place on March 2, 2016, to address the issues raised in that letter. (Docket No. 37). Plaintiff was also ordered to respond to Defendants' letter by March 1, 2016, at noon. (*Id.*). Plaintiff failed to submit the required letter and then failed to appear at the scheduled discovery conference. In light of those failures, as well as the failures detailed in Defendants' February 26 letter, the Court ordered Plaintiff to show cause in writing by March 11, 2016, why he should not be sanctioned, up to and including dismissal of the case on grounds of abandonment and failure to prosecute. *See* Fed. R. Civ. P. 41. Plaintiff submitted nothing — and took no action — in response to that Order. On March 14, 2016, Defendants filed a letter motion asking the court to dismiss this action based on Plaintiff's failure to respond to the Order and for abandonment or failure to prosecute. (Docket No. 39).

1

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with or without prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing"). Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal without prejudice is the appropriate sanction for Plaintiff's continued failure to abide by Court orders and to prosecute this case. Plaintiff has given no indication that he still intends to pursue his claims despite being repeatedly reminded of his (minimal) obligations by both the Court and Defendants and despite an explicit warning that failure to do so could result in dismissal. (*See* Docket Nos. 36, 37, 38). The efforts to encourage compliance with those obligations having proven fruitless,

the Court has no "means to move this case forward efficiently without the cudgel of extreme sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).

In light of the foregoing, this case is hereby DISMISSED without prejudice. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints"). Should Plaintiff comply with the Court's orders and otherwise make a good faith effort to prosecute his case within thirty days, he may move to vacate the dismissal. In any such motion, however, he should also show cause why, if the case is reopened, he should not be ordered to reimburse Defendants for the costs involved in addressing his failures in this case.

The Clerk of Court is directed to close this case and to terminate Docket No. 39. All conferences are vacated.

SO ORDERED.

Dated: March 15, 2016
      New York, New York

_____
JESSE M. FURMAN
United States District Judge